IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KRISTOPHER HENRY, | § | |
| | § | No. 130, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2306010471 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 22, 2024
Decided: July 17, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After considering the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     The appellant, Kristopher Henry, appeals the Superior Court's order sentencing him for a violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest from the face of Henry's opening brief that his appeal is without merit. We agree and affirm.

(2)     On September 26, 2023, Henry pleaded guilty to one count of theft of a motor vehicle. The Superior Court immediately sentenced Henry to two years of incarceration, suspended for one year of Level III probation. Henry did not appeal his conviction or sentence.

(3) On January 23, 2024, Henry's probation officer filed a VOP report alleging that Henry had violated the terms of his probation because he had: (i) failed to report as directed to his probation officer and (ii) admitted to using cocaine during the month of December 2023. On March 6, 2024, the Superior Court found that Henry had violated the terms of his probation and re-sentenced him to two years of a Level V substance abuse treatment program, suspended after the successful completion of the program, followed by one year of Level II probation. This appeal followed.

(4) In his opening brief on appeal, Henry does not dispute that he violated the terms of his probation. Instead, Henry argues that: (i) the Superior Court should not have imposed a Level II probationary period because Henry struggles to comply with the terms and conditions of probation; (ii) the requirement that Henry undergo substance abuse treatment while at Level V is "excessive" because he does not do well in treatment programs while incarcerated; and (iii) the Superior Court sentenced Henry with a closed mind. Henry's arguments are unavailing.

(5) Our review of a VOP sentence is extremely limited. Once a defendant has admitted that he violated the terms of his probation, the Superior Court may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[1] When the sentence falls within statutory limits,

---

[1] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

this Court considers only whether the Superior Court relied on false or unreliable factual predicates, exhibited judicial vindictiveness or bias, or sentenced the defendant with a closed mind.[2]  A judge imposes a sentence with a "closed mind" when the sentence is "based on a preconceived bias without consideration of the nature of the offense or the character of the defendant."[3]

(6)     The sentence that the Superior Court imposed for Henry's VOP is legal—it does not exceed the balance of the Level V time remaining on Henry's original sentence, and the Superior Court had the discretion to impose substance abuse treatment as a condition of Henry's sentence.[4]  Finally, we are satisfied that the presiding judge did not sentence Henry with a closed mind.[5]

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[4] 11 *Del. C.* § 4204(c)(8).
[5] *See Kurzmann*, 903 A.2d at 715 (finding that the record did not support a finding that the Superior Court sentenced the defendant with a closed mind when the court considered the nature of the offense and the defendant's character when fashioning the defendant's VOP sentence).  We note that Henry filed a motion to modify his VOP sentence, raising similar arguments as he does in this appeal.  The Superior Court denied the motion and observed, "I am well aware of your difficulties in complying with your probation terms and conditions.  I purposefully put you on Level 2 probation for that reason."